**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NYRI G. BARRETT, | Civil Action No. 18-14062 (ES) (MAH) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| STAFF MANAGEMENT GROUP, LLC, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of *pro se* Plaintiff Nyri G. Barrett's ("Plaintiff") filing of a Complaint, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1, Complaint ("Compl."); D.E. No. 1-1). The Court screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. As explained below, Plaintiff's application to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915, but Plaintiff's Complaint is DISMISSED for failure to state a claim.

**I.  Legal Standard**

Under 28 U.S.C. § 1915, a Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which

relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Moreover, because Plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**II.     Analysis**

Plaintiff indicates that she is unemployed, homeless, and has no income after being terminated by Defendant. (D.E. No. 1-1). Thus, she sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs. However, the Court finds that the Complaint, as it currently stands, fails to conform with Federal Rule of Civil Procedure 8(a) and thus, fails to state a claim upon which relief can be granted under Rule 12(b)(6) and section 1915(e)(2)(b)(ii).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") alleging discrimination on the basis of race, color, sex, and national origin. (*See* Compl. at 6). To sufficiently plead a Title VII claim, a plaintiff must show that (1) she belongs to a protected class;

(2) she was qualified for the position he sought to attain or retain; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Mieczkowski v. York City Sch. Dist.*, 414 F. App'x. 441, 444 (3d Cir. 2011).

Here, even construing Plaintiff's Complaint as liberally as possible, Plaintiff fails to properly plead a Title VII cause of action. Plaintiff's Complaint provides little in terms of details that would permit the Court, and Defendant to identify when and how the alleged discrimination occurred, who engaged in that conduct, or what relief Plaintiff seeks. Plaintiff asserts that she received unequal terms and conditions of employment and was terminated. (Compl. at 5). Plaintiff's sole factual allegations are: (i) "I received less pay for the same work and on a daily basis I was teased, bullied and also hazed," and (ii) "on occasion my food was destroyed and or poisoned." (Compl. at 7 & 8). While such facts could constitute adverse employment actions, Plaintiff has failed to allege facts to satisfy the remaining elements under *Mieczkowski*. *See* 414 F. App'x. at 444.

Plaintiff has not alleged facts related to her termination, nor has she clearly identified those particular factual allegations that would allow the Court to draw the reasonable inference that Defendant is liable for that particular cause of action. *See* Fed. R. Civ. P. 8.[1] For instance, although Plaintiff placed checks on the boxes for race, color, gender/sex, and national origin as basis of discrimination (*see* Compl. at 6), the Complaint does not allege anywhere the basis for Plaintiff's membership in a protected class. Plaintiff does not identify what her race, color, or national origin is, and the Court infers gender only based on the name.

---

[1] Federal Rule of Civil Procedure 8 further mandates that "a pleading that states a claim for relief must contain a demand for the relief sought." *See* Fed. R. Civ. P. 8(a)(3).

Similarly, Plaintiff does not allege anywhere that she was qualified for the job or that she otherwise performed satisfactorily, so as to give rise to the inference that the alleged adverse employment action—disparate pay and ultimate termination—was the result of intentional discrimination on account of her membership in a protected class. Additionally, Plaintiff does not allege what relief she seeks. Finally, Plaintiff fails to allege facts showing Defendant's personal involvement in each of the alleged wrongs.

In short, this Complaint does not contain sufficient factual matter to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, Plaintiff fails to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed without prepayment of fees is GRANTED, and her Complaint is DISMISSED *without prejudice*[2] pursuant to 28 U.S.C. § 1915(e)(2). An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] "The primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).